IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HAYES FAMILY TRUST, on Behalf of Itself and All Others Similarly Situated CLAYTON A. HAYES, CHRISTOPHER D. HAYES, HOLLY D. HAYES, Individually and as Co-Trustees of the HAYES FAMILY TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, a corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. CIV-14-0106-C<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs own property which was damaged by wind, hail, and water as a result of a storm on May 31, 2013. The building was insured by Defendant State Farm at the time of loss. Plaintiffs made a claim with Defendant and the parties began an extended period of debate over the loss suffered by Plaintiffs. On December 4, 2013, Plaintiffs sent a letter to State Farm requesting appraisal pursuant to a mandatory clause in the contract. State Farm objected, arguing that the dispute between the parties was not subject to the appraisal clause because the dispute was whether the damage was a covered loss, rather than the amount to be paid for the damage. On January 13, 2014, Plaintiffs filed this lawsuit, alleging breach of contract and bad faith. At the same time, Plaintiffs filed a companion case requesting the Court appoint an umpire, as the appraisers used by the parties could not reach agreement on the loss. On May 28, 2014, Defendant agreed to participate in the appraisal under a

reservation of rights. On April 27, 2015, the appraisal process was concluded and State Farm made full payment of the amount determined.

State Farm now seeks entry of summary judgment, arguing the undisputed material facts demonstrate Plaintiffs cannot recover on their breach of contract or bad faith claims. State Farm argues that by paying the appraisal award, the issue of the amount of Plaintiffs' loss has been conclusively determined and satisfied; therefore, there can be no breach of contract. Plaintiffs offer no objection to this argument. After considering the facts and law as cited by State Farm, the Court finds that Plaintiffs have been paid in full for their breach of contract claim. Accordingly, no question remains for trial on that portion of the case.

Plaintiffs argue they have two distinct claims for bad faith. One arises from State Farm's denial, delay, and misrepresentation concerning the appraisal demand. The second is whether or not State Farm acted reasonably in its investigation and handling of Plaintiffs' claim and evaluating the results of that investigation.

Considering first the claim for bad faith related to the appraisal process, as Plaintiffs note, the decisive question in a bad faith case is whether the insurer had a good faith belief, at the time its performance was requested, that there was a justifiable reason for its decision, based on all facts known or knowable, concerning the claim. Newport v. USAA, 2000 OK 59, ¶ 10, 11 P.3d 190, 195. Relying on this law, Plaintiffs argue that State Farm was unreasonable in refusing to participate in the appraisal process once a demand was made. State Farm argues that it had a good faith belief that appraisal was inappropriate because its

dispute with Plaintiffs over the loss focused more on whether the damage was covered, rather than the amount necessary to compensate for that loss.

The Court finds Plaintiffs cannot prevail on this bad faith claim. As both parties have noted at various stages in these cases, controlling precedent is very sparse on the appraisal issue. As Defendant notes, other Judges in this Court have agreed with Defendant's position on what issues are properly submitted to the appraisal process. On the other hand, Plaintiffs have demonstrated how those cases may be distinguished and pointed to case law from other jurisdictions supporting their position. What is certain is that there is no clear precedent on whether the appraisal was required in this case. Consequently, the Court finds a legitimate dispute existed on the question of whether or not appraisal was proper. "Because disagreements can arise concerning [a] . . . breach of policy conditions, the tort of bad faith does not prevent the insurer from resisting payment or resorting to a judicial forum to resolve a legitimate dispute." Skinner v. John Deere Ins. Co., 2000 OK 18, ¶ 16, 998 P.2d 1219, 1223. Accordingly, Defendant is entitled to judgment on Plaintiffs' claim for bad faith in delaying participation in the appraisal process.

Plaintiffs' next claim relates to a failure to properly investigate the claim. The only issue raised by Plaintiffs in regard to this claim is Defendant State Farm's alleged failure to provide an estimate for damage to raised computer flooring. Plaintiffs argue that the damage was noted by State Farm itself as early as August 4, 2013, yet an estimate for that damage was not offered until November 6, 2013. Plaintiffs argue that the majority of the difference in the appraisal award between what the parties had agreed upon and the final determination

was due to this raised computer flooring. State Farm does not dispute Plaintiffs' arguments, except to state that there was a disagreement over whether certain items were damaged or constituted a covered damage, and that was the basis for their argument that appraisal was not required.

Viewed in the light most favorable to Plaintiffs, it is possible that a jury could determine that State Farm's three-month delay in properly compensating Plaintiffs or including an estimate for the raised flooring constituted bad faith. Therefore, this very narrow and limited issue will remain for trial.

Finally, Plaintiffs request that they be allowed to recover punitive damages. Under Oklahoma law, there must be evidence of reckless disregard by Defendant of the Plaintiffs' rights from which malice and evil intent may be inferred. Badillo v. Mid Century Ins. Co., 2005 OK 48, ¶ 64, 121 P.3d 1080, 1106. Whether or not evidence can be presented to satisfy this standard in the limited area left for trial cannot be determined until the evidence is presented at trial. Accordingly, Plaintiffs' request will be held in abeyance.

For the reasons set forth herein, Defendant State Farm Fire and Casualty Company's Motion for Summary Judgment (Dkt. No. 50) is GRANTED in part and DENIED in part. The issue of breach of contract is moot in light of the resolution of the appraisal award; Defendant is granted judgment on Plaintiffs' claim for bad faith in delay of the appraisal process; and Plaintiffs' claim for bad faith based on inadequate investigation or estimate on the raised flooring remains for trial by jury. Defendant State Farm Fire and Casualty

Company's Motion to Strike Plaintiffs' Cross-Motion for Summary Judgment (Dkt. No. 55) is DENIED. A separate judgment will issue at the close of the case.

IT IS SO ORDERED this 4th day of August, 2015.

ROBIN J. CAUTHRON
United States District Judge