IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

HAYES FAMILY TRUST, on Behalf of )
Itself and All Others Similarly Situated )
CLAYTON A. HAYES, CHRISTOPHER )
D. HAYES, HOLLY D. HAYES, )
Individually and as Co-Trustees of the )
HAYES FAMILY TRUST, )
                                     )
                     Plaintiffs, )
                                     )
v. ) Case No. CIV-14-0106-C
                                     )
STATE FARM FIRE AND CASUALTY )
COMPANY, a corporation, )
                                     )
                   Defendant. )

**MEMORANDUM OPINION AND ORDER**

On August 4, 2015, the Court entered a Memorandum Opinion and Order granting in part and denying in part Defendant's Motion for Summary Judgment. That Order improperly made rulings on Plaintiff's Cross-Motion for Summary Judgment. As Defendant notes, its time to respond to Plaintiff's Motion had not passed at the time the Court made its ruling. Recognizing this fact, the Court struck the matter from the trial docket to permit Defendant time to file the present Motion which addresses the issue erroneously addressed.[*]

In the prior Order, the Court considered Plaintiffs' claim for bad faith based on Defendant's alleged failure to provide an estimate for damage to raised computer flooring. Plaintiffs argued that the damage was noted by State Farm itself as early as August 4, 2013,

---

[*] To the extent Plaintiffs object about the timeliness of Defendant's response, those objections are overruled. Plaintiffs have on numerous occasions been the recipient of the Court's grace in granting additional time or permitting an out-of-time act.

yet an estimate for that damage was not offered until November 6, 2013. The Court determined that a jury could find the three-month delay amounted to bad faith. In its Motion to Reconsider, Defendant offers evidence that the estimate for the floor was included in the August 9, 2013, estimate of damage. Plaintiffs do not dispute this point but argue that Defendant ultimately paid $148,231.00 to replace the floor following completion of the appraisal process. However, Plaintiffs offer no evidence to demonstrate that the change resulted from anything other that a difference of opinion regarding whether the floor could be repaired or that replacement was required. To be sure, Plaintiffs argue that Defendant should have reached a different conclusion about the floor; however, a difference of opinion about the amount of loss does not give rise to a bad faith claim. As the Oklahoma Supreme Court has stated: "Because disagreements can arise concerning [a] . . . breach of policy conditions, the tort of bad faith does not prevent the insurer from resisting payment or resorting to a judicial forum to resolve a legitimate dispute." Skinner v. John Deere Ins. Co., 2000 OK 18, ¶ 16, 998 P.2d 1219, 1223. Here, Defendant was permitted to believe its opinion that the floor could be repaired rather than replaced. Certainly, Plaintiffs have offered no evidence that opinion was unsupportable. Once a resolution to the dispute regarding the amount of damage was reached, it is undisputed that Defendant paid the amount due. The Court finds Plaintiffs' bad faith claim arising from an alleged failure to properly investigate the damage to the flooring must fail. Accordingly, that portion of the Court's August 4, 2015, Order holding otherwise is vacated.

For the reasons set forth herein, State Farm Fire and Casualty Company's Motion to Reconsider Order on Motion to Summary Judgment (Dkt. No. 73) is GRANTED. Defendant is entitled to judgment on all of Plaintiff's bad faith claims. Plaintiff's Motion for Certification (Dkt. No. 67) is DENIED. The present ruling leaves no issue undecided and a separate judgment will issue.

IT IS SO ORDERED this 9th day of November, 2015.

ROBIN J. CAUTHRON
United States District Judge