FILED
United States Court of Appeals
Tenth Circuit

April 19, 2017

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

HAYES FAMILY TRUST, on behalf of itself and all others similarly situated; CLAYTON A. HAYES, II, individually and as co-trustee of the Hayes Family Trust; CHAD A. HAYES, individually,

    Plaintiffs - Appellants,

v.

STATE FARM FIRE AND CASUALTY COMPANY, a corporation,

    Defendant - Appellee.

No. 15-6231
(D.C. No. 5:14-CV-00106-C)
(W.D. Okla.)

---

### ORDER AND JUDGMENT[*]

---

Before **BRISCOE**, **LUCERO**, and **HARTZ**, Circuit Judges.

---

In this insurance dispute, the Hayes Family Trust and two individuals sued State Farm Fire & Casualty Co., alleging breach of contract and bad faith. Summary judgment favoring State Farm was granted by the district court. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

Plaintiffs filed a claim with State Farm after their building was damaged during a storm. The parties could not agree on the amount of loss, prompting plaintiffs to demand an appraisal under a provision of their insurance policy. Oklahoma law mandates that standard fire insurance policies include this appraisal provision. Okla. Stat. tit. 36, § 4803; see also Massey v. Farmers Ins. Grp., 837 P.2d 880, 881 (Okla. 1992). State Farm objected, arguing that the appraisal clause was not implicated because the dispute concerned coverage issues.

Plaintiffs brought two actions in state court, both of which were removed to federal court on diversity grounds. In the first case, plaintiffs sought appointment of an umpire to proceed with the appraisal. Although State Farm eventually agreed to an appraisal, the court was forced to appoint an umpire because of disputes between the parties' appointed appraisers. State Farm later made full payment of the loss amount determined in that process, which plaintiffs accepted.[1]

In the second case, the subject of this appeal, plaintiffs asserted that State Farm breached the duty of good faith and fair dealing by declining to arrange an appraisal when plaintiffs made their initial demand, and by failing to adequately investigate their claim. After the district court granted summary judgment favoring State Farm, plaintiffs timely appealed.

---

[1] That case was later reopened and the ensuing judgment was appealed to this Court. See Hayes Family Tr. v. State Farm Fire & Cas. Co., 845 F.3d 997 (10th Cir. 2017). The issues in that case are not relevant to this appeal.

II

We review the district court's grant of summary judgment de novo. Philadelphia Indem. Ins. Co. v. Lexington Ins. Co., 845 F.3d 1330, 1336 (10th Cir. 2017). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A

Plaintiffs contend that State Farm acted in bad faith by unreasonably delaying an appraisal. In Oklahoma, an insurer has an implied duty "to act in good faith and deal fairly with the insured to ensure that the policy benefits are received." Newport v. USAA, 11 P.3d 190, 195 (Okla. 2000) (quotation omitted). A violation of this duty gives rise to an action in tort. Skinner v. John Deere Ins. Co., 998 P.2d 1219, 1223 (Okla. 2000). However, "the tort of bad faith does not prevent the insurer from resisting payment or resorting to a judicial forum to resolve a legitimate dispute." Id. "Whether an insurer's actions reasonably give rise to an inference of bad faith must be determined in light of all facts known or knowable concerning the claim at the time plaintiff requested the company to perform its contractual obligation." Oulds v. Principal Mut. Life Ins. Co., 6 F.3d 1431, 1439 (10th Cir. 1993) (quotation omitted).

"[T]he essence of the intentional tort of bad faith is the insurer's unreasonable bad faith conduct." Manis v. Hartford Fire Ins. Co., 681 P.2d 760, 761 (Okla. 1984) (citation omitted). To establish a bad faith claim, "the insured must present evidence from which a reasonable jury could conclude that the insurer did not have a

3

reasonable good faith belief for" its conduct. Oulds, 6 F.3d at 1436 (citation omitted). An insurer is entitled to summary judgment on a bad faith claim if it acts in accordance with a legitimate dispute concerning coverage, and the insured fails to produce additional evidence of bad faith to support sending the issue to the jury. Bannister v. State Farm Mut. Auto. Ins. Co., 692 F.3d 1117, 1127-28 (10th Cir. 2012).

To support their contention that State Farm acted unreasonably, plaintiffs cite the use of "shall" in the appraisal provision, as well as Massey's statement that "when one party demands that the appraisal process begin, the other party is compelled to submit to it whether they want to or not." 837 P.2d at 883. But Massey did not involve a coverage issue. See LeBlanc v. The Travelers Home & Marine Ins. Co., No. CIV-10-00503-HE, 2011 WL 1107126, at *4 (W.D. Okla. Mar. 23, 2011) (unpublished) ("[T]here was no dispute that the policy [in Massey] covered fire losses. . . . The sole question was the extent of those losses, i.e. what it would take to repair the house."). Plaintiffs offer no authority for the proposition that an appraisal is required before the insurer and insured have agreed on the scope of coverage. Further, plaintiffs concede that authority on the topic is sparse, and no reported Oklahoma or Tenth Circuit case holds that an insurer's denial or delay of an appraisal based on a coverage question constitutes bad faith. See Skinner, 998 P.2d at 1223. Because there was a legitimate dispute as to whether an appraisal was proper, we cannot say that State Farm acted in bad faith. Plaintiffs have not shown that State Farm relied on some reason other than its legitimate dispute for its actions. See Sims

4

v. Great Am. Life Ins. Co., 469 F.3d 870, 891 (10th Cir. 2006) (the presence of a legitimate dispute "shifts the burden to the insured to present additional evidence of bad faith").

B

Plaintiffs also contend that State Farm acted in bad faith by failing to conduct an adequate investigation into their claim. "[W]hen a bad faith claim is premised on inadequate investigation, the claimant must make a showing that material facts were overlooked or that a more thorough investigation would have produced relevant information that would have delegitimized the insurer's dispute of the claim." Bannister, 692 F.3d at 1128 (alteration and quotation omitted). An investigation may amount to bad faith "if the manner of investigation suggests that the insurer has constructed a sham defense to the claim or has intentionally disregarded undisputed facts supporting the insured's claim." Oulds, 6 F.3d at 1442.

This is not a case in which the insurer refused payment after failing to conduct any investigation whatsoever. Nor have plaintiffs shown that State Farm disregarded relevant information. Instead, plaintiffs concede that State Farm inspected the property on multiple occasions and prepared two estimates as to the amount of covered losses. Moreover, plaintiffs admit that all of the items listed in State Farm's second estimate were included in the appraisal award. Although plaintiffs disagree with State Farm about the investigators' findings and the estimated losses, they have not shown that further investigation would have produced additional relevant information or led to different conclusions. See Sims, 469 F.3d at 893 ("[T]he

operative inquiry is whether additional [investigation] . . . would have led to new or significant information.").

### III

After paying the appraisal award, State Farm filed a motion to stay discovery. The district court held a hearing on all pending motions twelve days later. Plaintiffs contend that they did not have sufficient time to prepare a proper response before the hearing, and that the district court erred by staying discovery while State Farm's summary judgment motion was pending.

We review a district court's discovery rulings for abuse of discretion. Regan-Touhy v. Walgreen Co., 526 F.3d 641, 647 (10th Cir. 2008). "In the discovery context, the range of permissible choices available to the district court is notably broad." Id. Moreover, plaintiffs have not shown what additional argument they would have set forth in their response or what material evidence they might have procured through additional discovery. Therefore, we discern no abuse of the district court's discretion.

### IV

**AFFIRMED**.

                                              Entered for the Court

                                              Carlos F. Lucero
                                              Circuit Judge

# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT
# OFFICE OF THE CLERK

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Elisabeth A. Shumaker  
Clerk of Court

April 19, 2017

Chris Wolpert  
Chief Deputy Clerk

To Counsel of Record

**RE:** **15-6231, Hayes Family Trust, et al v. State Farm Fire & Casualty**
Dist/Ag docket: 5:14-CV-00106-C

Dear Counsel:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Pursuant to Fed. R. App. P. Rule 40, any petition for rehearing must be filed within 14 days after entry of judgment. Please note, however, that if the appeal is a civil case in which the United States or its officer or agency is a party, any petition for rehearing must be filed within 45 days after entry of judgment. Parties should consult both the Federal Rules and local rules of this court with regard to applicable standards and requirements. In particular, petitions for rehearing may not exceed 15 pages in length, and no answer is permitted unless the court enters an order requiring a response. If requesting rehearing en banc, the requesting party must file 6 paper copies with the clerk, in addition to satisfying all Electronic Case Filing requirements. *See* Fed. R. App. P. Rules 35 and 40, and 10th Cir. R.35 and 40 for further information governing petitions for rehearing.

Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker  
Clerk of the Court

EAS/klp